MATTER OF M/V GUADALUPE

In Fine Proceedings

SAJ-10/50.179

*Decided by Board November 18, 1968*

The carrier's contention that due diligence was exercised where the alien presented a wax-sealed envelope from the American Consulate asserting it contained the necessary visa, is rejected as a defense to fine liability under section 273(a) of the Immigration and Nationality Act for bringing an alien without a visa, since under existing practice (22 CFR 42.124(a), (b), (c) and (d)) the forms constituting the visa are not sealed.

BASIS FOR FINE: Act of 1952—Section 273(a) [8 U.S.C. 1323].

IN RE: M/V *Guadalupe*, which arrived at San Juan, Puerto Rico, from foreign, on March 22, 1968. Alien passenger involved: Rafael Cruzata-Lambert.

ON BEHALF OF APPELLANT:  M. A. Gonzalez, Vice-President & Gen. Mgr.
International Shipping Agency, Inc.
P. O. Box 2748
San Juan, Puerto Rico 00903

This appeal is directed to an administrative penalty of $1,000 which the District Director at San Juan has ordered imposed on the International Shipping Agency, Inc., as agents for a vessel, for bringing to the United States from a place outside thereof, other than foreign contiguous territory, the above-named alien passenger who was not in possession of an unexpired visa and was not exempt from the presentation of same by the statute or the regulations promulgated pursuant thereto. The request for cancellation of the fine must be denied and the appeal will be dismissed.

Rafael Cruzata-Lambert is a 24-year-old native and national of Cuba, who arrived in the United States from Spain as a passenger on this vessel, at the time, place and in the manner described above. He was presented for immigration inspection as an applicant for admission for permanent residence. He was in possession of a valid passport, but he was not in possession of an unexpired

67

visa or other document valid in lieu thereof for admission into the United States. Accordingly, liability to the fine has been incurred, and this is uncontested.

Section 273 of the Immigration and Nationality Act makes no provision for mitigation of a fine arising thereunder.[1] However, subsection (c) of the statute does provide for remission (forgiveness in full) of the penalty if, prior to the passenger's foreign embarkation, the carrier did not know and could not have ascertained by the exercise of reasonable diligence that he was an alien and required but lacked a valid visa or lieu document. Since the record shows that the carrier knew this passenger was an alien, the only question remaining for our consideration is whether it knew or could have ascertained by the exercise of due diligence that he lacked a visa.

The carrier claims that when this passenger came for his ticket he was accompanied by his parents, also Cuban nationals, and that all were requested to present their United States visas. It asserts that they showed the ticket agent a big wax-sealed envelope from the American consulate in Bilbao, Spain, and declared that it contained visas for each member of the family. It contends that it could not open the official envelope because it was sealed and, therefore, had to take the aliens' word for the fact that the envelope contained visas for all.

The record, however, contains a memorandum from the examining immigration officer, dated October 21, 1968. It sets forth that visas for this alien's parents were packaged in the normal manner, i.e., various documents were enclosed in a brown manila envelope with appropriate Forms FS–511 for the parents attached to the outside of the envelope with grommets and ribbon. According to 22 CFR 42.124(a), (b), (c) and (d), Form FS–511, with a Form FS–510 (Visa Application) attached immediately beneath it, constitutes the visa; and the only documents which would be enclosed in a sealed envelope and could only be examined by an immigration officer would be confidential relating documents, but not the visa itself. Under these circumstances, we agree with the District Director that only a cursory inspection was necessary on the carrier's part to ascertain that this alien passenger was not in possession of the required visa. Accordingly, we concur in said official's conclusion that due diligence was not exercised in this matter, and that remission of the

---

[1] *Matter of Plane "CUT-480,"* 5 I. & N. Dec. 226.

fine is not warranted. All we can add is that the carrier is responsible for the acts of its representatives abroad.

**ORDER:** It is ordered that the request for cancellation of the fine be denied; that the District Director's decision be affirmed; and that the appeal be and the same is hereby dismissed.